NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CSR LIMITED and RINKER MATERIALS CORP. (f/k/a CSR AMERICA, INC.), Plaintiffs, v. CIGNA CORPORATION, et al., Defendants. | Hon. Harold A. Ackerman<br>Civil Action No. 95-2947 (HAA)<br>**OPINION AND ORDER** |

**ACKERMAN, Senior District Judge:**

This matter comes before the Court on appeal from rulings made by Magistrate Judge Ronald J. Hedges. On May 2, 2003, Magistrate Judge Hedges denied the motions for leave to file a third-party complaint and for joinder of a necessary party filed by Defendants, Certain of the Australian, European, and London Market Insurer Defendants (hereinafter Coughlin Duffy or "CD Defendants").[1] In his Letter Opinion and Order denying these motions ("May 2 Order"), Magistrate Judge Hedges applied New Jersey law to the insurance coverage and risk allocation issues presented in the motion. Certain Underwriters at Lloyd's, London, Excess Insurance Company Limited and Stronghold Insurance Company (collectively "Lloyd's Defendants") moved for clarification or reargument of the May 2 Order with regard to its choice-of-law

[1] At the time these appeals were filed, these Defendants were represented by attorneys from the law firm of McElroy, Deutsch & Mulvaney, LLP. During the pendency of this motion, Defendants' counsel established their own firm, Coughlin Duffy Kelly Lisovicz Midlidge & Wolff, LLP, and this new firm assumed representation of these Defendants.

analysis and sought an order that any choice-of-law ruling in the May 2 Order was limited to that Order and did not constitute the law of the case. Magistrate Judge Hedges denied this motion without comment on June 5, 2003 ("June 5 Order").

The CD Defendants presently appeal both the May 2 and June 5 Orders, solely with respect to the choice-of-law analysis and particularly its applicability outside the context of the underlying procedural motions decided in the May 2 Order.[2] Defendants ACE Insurance Ltd., ACE Insurance Company SA-NV, Insurance Company of North America, and Insurance Company of North America (UK) Ltd. ("ACE Defendants") were not parties to the original procedural motions or the motion for clarification, but they have filed a memorandum of law regarding this appeal apparently because of their suspicion that the choice-of-law ruling could apply to the entire case against all Defendants.

For the following reasons, Magistrate Judge Hedges's May 2 and June 5 Orders are AFFIRMED. Under this Court's reading of the plain language of the May 2 Order, the choice-of-law analysis in the May 2 Order applied only to the motions resolved in that Order, and does not constitute the law of the case.

### *Background*

Plaintiffs CSR Limited and Rinker Materials Corporation (collectively "CSR") brought

---

[2]During the pendency of this appeal, the Lloyd's Defendants reached a settlement with CSR and have been dismissed from this case. The Lloyd's Defendants joined the CD Defendants in appealing from Magistrate Judge Hedges's Orders regarding choice-of-law issues. This appeal by the Lloyd's Defendants has been withdrawn. However, the CD Defendants have indicated to the Court by letter dated September 30, 2004, that they have joined the memorandum filed by the Lloyd's Defendants, and the Court therefore has considered the arguments presented in that memorandum.

this action against its insurers, underwriters, and others, alleging, among other claims, bad-faith and antitrust claims stemming from the handling and denial of CSR's November 1991 claim for coverage of asbestos-related liabilities and the alleged group boycott by these insurers in which they threatened denial of new or renewal insurance for CSR unless CSR withdrew the November 1991 request for coverage. CSR's asbestos-related liabilities result from CSR's ownership of an asbestos mine in Wittenoom, Western Australia. Thousands of asbestos claims have been filed against CSR for injuries allegedly caused by exposure to Wittenoom asbestos fiber initially mined and sold by CSR and its subsidiary, Midalco Limited.

On February 27, 2003, the CD Defendants moved to implead or join CSR Insurance Pte. Limited ("CSRI"), a wholly-owned captive insurance company created by CSR. The CD Defendants theorized that CSRI, which issued excess layer asbestos policies to CSR, might be derivatively liable for some part of CSR's asbestos-related claims against the various Defendants. Magistrate Judge Hedges, applying New Jersey law, rejected the CD Defendants' arguments and denied their motions in his May 2 Order. The various Defendants explicitly do not appeal this ultimate decision to deny the motions to implead or join CSRI. Rather, the Defendants contest Magistrate Judge Hedges's preliminary holding that New Jersey law, not Australia law, applied.

The Lloyd's Defendants subsequently moved for clarification or reargument, asking Magistrate Judge Hedges to issue a second order stating that the choice-of-law discussion in the May 2 Order applied only to the impleader and joinder motions before the Magistrate Judge and did not constitute a global choice-of-law finding on insurance coverage and risk allocation that would be binding in this litigation. In his June 5 Order, Magistrate Judge Hedges simply stated that this "motion is denied." Certification of William J. Metcalf, Esq. in Supp. of Defs.' Appeal

from an Order Entered on June 5, 2003, Tab 3 (June 5 Order). The CD Defendants and Lloyd's Defendants appealed from both the May 2 and June 5 Orders with respect to the precedential value of the May 2 Order's choice-of-law ruling.[3]

### ***Analysis***

Pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72(a), and Local Civil Rule 72.1(a), a United States Magistrate Judge may hear non-dispositive motions. On appeal, the district court may modify or set aside the Magistrate Judge's non-dispositive order only if the ruling was "clearly erroneous or contrary to law." *Haines v. Liggett Group Inc.*, 975 F.2d 81, 91 (3d Cir. 1992); *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1113 (3d Cir. 1986). A ruling is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Dome Petroleum Ltd. v. Employers Mut. Liab. Ins. Co.*, 131 F.R.D. 63, 65 (D.N.J. 1990) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)); *see also Pharm. Sales & Consulting Corp. v. J.W.S. Delavau Co., Inc.*, 106 F. Supp. 2d 761, 764 (D.N.J. 2000).

As noted, Defendants do not contest the ultimate denial of their motions to implead or

---

[3]As a preliminary matter, CSR argues that this appeal should be limited to the June 5 Order because Defendants' appeal of the underlying May 2 Order was untimely. CSR agreed to allow Defendants additional time to file their appeal, but CSR claims that this agreement only applied to appeal of the June 5 denial of the motion for clarification, and not the underlying May 2 Order. The Lloyd's Defendants (now joined by the CD Defendants) respond that the two Orders are procedurally and factually related, and that CSR gave oral consent to extend the time to file an appeal of Magistrate Judge Hedges's choice-of-law decisions generally. This Court finds that the two Orders are inextricably linked and therefore this Court will consider Defendants' appeals as timely filed.

join CSRI. Instead, they only appeal from the choice-of-law analysis contained in the May 2 Order that Magistrate Judge Hedges declined to clarify in his June 5 Order. The CD Defendants argue that the choice-of-law question was not at issue in the Defendants' procedural motions to implead or join and that Magistrate Judge Hedges gave no indication that he was going to issue a broad choice-of-law ruling in the context of deciding these motions. They further contend that the choice-of-law analysis was premature, incorrect, and failed to consider many of the relevant factors and issues required under New Jersey choice-of-law principles. The ACE Defendants note for the Court that they were not parties to the underlying motions to join or implead, and therefore, in addition to the other reasons discussed by the CD Defendants, they argue that any choice-of-law finding by Magistrate Judge Hedges could not apply to the ACE Defendants because they were not given proper notice or opportunity to be heard. CSR contends that Magistrate Judge Hedges's choice-of-law analysis was thorough and correct, and is the law of this case and therefore applies to all Defendants because all Defendants were on notice of the motions to implead or join and knew that choice of law was an issue in the motions.

Although his entire May 2 Order encompassed nine pages, Magistrate Judge Hedges's choice-of-law analysis in the May 2 Order was quite brief, comprising just three paragraphs:

> *New Jersey law governs* because there is no conflict between New Jersey and Australian law on the issue of risk allocation. . . . An Australian court has never had an occasion to determine trigger of coverage and allocation of liability of insurers in the mass-tort liability context. In the absence of a decision on point, there is no conflict.
>
> Further, *even if a choice-of-law analysis were necessary, New Jersey law would apply* to the insurance coverage and allocation issues because it has the greatest interest. This action is for coverage of liabilities arising from United States asbestos-related personal injuries

> and for damages relating to defendants' wrongful conduct in response to CSR's claim for coverage of these liabilities. New Jersey courts have determined that, when dangerous materials forseeably [sic] come to rest in New Jersey and cause harm here, New Jersey's strong interest in protecting its residents leads to the application of New Jersey's substantive law when interpreting liability policies insuring the dangerous materials.
>
> Here, the fact that CSR sold allegedly defective asbestos to a New Jersey company and that New Jersey residents allegedly were injured by that asbestos compels application of New Jersey law. Because this litigation does not involve coverage for any underlying Australian claims, Australia has little if any interest in application of its law. In fact, Judge Ackerman has already found that New Jersey's interests outweigh those of Australia.

*CSR Ltd. v. CIGNA Corp.*, No. 95-2947, Letter Op. and Order at 5 (D.N.J. May 2, 2003) (citations omitted) (emphasis added).

A plain reading of this passage from the May 2 Order makes clear to this Court that this brief choice-of-law discussion applied only to the underlying procedural motion and did not purport to be a case-wide, final choice-of-law ruling. Magistrate Judge Hedges never stated that his application of New Jersey law applied to anything other than determining whether CSRI had potential liability to Defendants such that impleader or joinder was not futile. While Magistrate Judge Hedges employed broad language in making his choice-of-law finding, his ruling by its very terms was not so broad as to constitute a binding final determination of the applicable law on insurance coverage and risk allocation issues in this case. The Order contained no language whatsoever suggesting that the Order decided important choice-of-law issues not just in the context of the procedural motions but for the entire case.[4]

---

[4]Two pages after the choice-of-law analysis in the May 2 Order, Magistrate Judge Hedges stated that "I have found that, under New Jersey law, liability will be allocated on a pro-rata basis and each insurer will be responsible only for its allocated share of the risk." *CSR*, Letter Op. and

Where a Magistrate Judge's remarks do not presume to decide the choice-of-law issue for the entire case, this Court may decline to treat those remarks as the law of the case. *See Cont'l Ins. Co. v. Beecham, Inc.*, 836 F. Supp. 1027, 1035 (D.N.J. 1993) (holding that choice-of-law analysis by transferor court in context of motion to transfer did not constitute law of the case). Even if this Court interpreted the May 2 Order to purport to decide the choice-of-law issue for this entire case with regard to insurance coverage and risk allocation, the law-of-the-case doctrine still would not apply here because that doctrine generally only serves to guide a judge's discretion in reconsidering issues previously decided by himself or by a "court of coordinate jurisdiction." *Fagan v. City of Vineland,* 22 F.3d 1283, 1290 (3d Cir. 1994). Furthermore, Magistrate Judge Hedges's denial of Defendants' motion for clarification in his June 5 Order did not in any way affect or change the meaning of the May 2 Order.[5] Magistrate Judge Hedges ruled on choice of law only to the extent necessary to resolve the motions before him, and the May 2

---

Order at 7. Although this sentence, in isolation, could be read to suggest that the May 2 Order's choice-of-law finding applied beyond the confines of the underlying procedural motions, this Court would still hold that the law-of-the-case doctrine does not apply because the May 2 Order was not issued by a coordinate court and this Court therefore may reconsider the choice-of-law issue on its own. However, upon consideration of the entire May 2 Order, this Court holds that the May 2 Order did not purport to render a final choice-of-law decision, and its choice-of-law analysis was limited to its specific context.

[5]It is always hazardous to divine the reasoning of a judge when he denies a motion without comment. Yet all parties do so here. For example, by filing this appeal from the June 5 Order, Defendants posit that Magistrate Judge Hedges denied the motion for clarification because he intended that his choice-of-law ruling apply to the entire case. However, the Magistrate Judge might have considered his May 2 Order sufficiently clear such that he saw no need to issue a redundant "clarification" order at Defendants' request. He might also have denied the motion because it was brought by the Lloyd's Defendants, who were not parties to the underlying motions brought solely by the CD Defendants. The Magistrate Judge's reasoning simply cannot be known for certain. Because nothing in the June 5 Order altered the meaning of the May 2 Order, this Court concludes that the Magistrate Judge's denial of the motion for clarification had no effect on whether the May 2 Order's choice-of-law analysis is the law of the case.

Order, by its terms, did not purport to apply its choice-of-law analysis beyond the motions resolved in the May 2 Order.[6]

Because the Defendants expressly have not appealed Magistrate Judge Hedges's denial of Defendants' motions to implead or join, and only appeal the potential application of the choice-of-law analysis outside the context of the underlying motions, this Court has no occasion to review the merits of the Magistrate Judge's choice-of-law analysis. This Court only notes that in this massive, complex litigation, ultimate resolution of thorny choice-of-law issues requires extensive analysis and thorough consideration of the relevant factors. Such analysis may best be undertaken in the context of a dispositive motion on the basis of a full record. Discovery in this case was not nearly complete at the time of the May 2 Order. Magistrate Judge Hedges's analysis, whether ultimately correct or incorrect, was issued without the benefit of a complete record and in the context of a non-dispositive, procedural motion.

Several of the pending motions for summary judgment in this matter directly raise the choice-of-law issues discussed by Magistrate Judge Hedges in his May 2 Order. This Court concludes that resolution of the important choice-of-law issues in this case will be far more appropriate in the context of these pending dispositive motions on the basis of a fully-developed record. After observing that a prior choice-of-law analysis was made "over four years ago on a record which was obviously not complete," then-District Judge Barry stated in *Continental Insurance Co*. that "[f]airness and accuracy mandate that this court determine the choice of law issue *de novo* on the record before it." 836 F. Supp. at 1035. The parties in this matter deserve

[6]This Court need not wade into the contested facts regarding the procedures established by the Magistrate Judge prior to the May 2 Order to address choice-of-law issues and regarding the nature and extent of the parties' briefing on choice-of-law for the underlying motions.

no less. All parties have had ample opportunity to present their choice-of-law arguments in the partial summary judgment motions with full knowledge that such issues are squarely presented in those dispositive motions. Choice of law has been fully briefed by the parties in their voluminous summary judgment papers, and this Court will determine choice-of-law issues on the complete record before it in these pending motions.

This Court finds no clear error in Magistrate Judge Hedges's May 2 and June 5 Orders with regard to the applicability of his choice-of-law findings, and those rulings, limited to the procedural, non-dispositive context of the May 2 Order, were not contrary to law. This Court will therefore affirm these Orders, and reiterate that the choice-of-law analysis in the May 2 Order was limited to the issues decided in that Order.

## ***Conclusion***

For the foregoing reasons, Magistrate Judge Hedges's May 2, 2003 Order and his June 5, 2003 Order are AFFIRMED with regard to choice of law. This Court interprets the choice-of-law analysis contained in the May 2 Order to apply only to the motions resolved in that Order.

Newark, New Jersey
Dated: May 17, 2005

/s Harold A. Ackerman
U.S.D.J.